IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO GALEANA FLORES,

    Plaintiff,                     CV F 05 1074 AWI WMW P

    vs.                             ORDER DISMISSING COMPLAINT
                                        WITH LEAVE TO AMEND

CORRECTIONAL CORP. OF AMERICA, et al.,

    Defendants.

        Plaintiff is a federal prisoner proceeding pro se in a civil rights action. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on October 11, 2005, amended complaint. Plaintiff, an inmate in the custody of the U.S. Bureau of Prisons at the Correctional Institution at California City, brings this civil rights action against Defendant Correctional Corporation of America, along with individual defendants. Plaintiff sets forth claims of sexual harassment, violation of privacy, denial of rehabilitative programs and deliberate indifference to his safety.

        Plaintiff's privacy claim stems from his allegation that female correctional officers are able to view him while in the shower. The Ninth

1  Circuit has recognized that prisoners retain a limited right to bodily
2  privacy grounded in the Fourth Amendment.  <u>Michenfelder v. Sumner</u>,
3  860 F.2d 328, 333 (9th Cir. 1988).  However, limitations on the exercise of a
4  prisoner's constitutional rights arise both from the fact of incarceration
5  and from valid penological objectives.  <u>Id</u>. at 331 (citing <u>O'Lone v. Estate
6  of Shabazz</u>, 482 U.S. 342 (1987)).  As such, a rational relationship test to
7  determine whether the impingement on an inmate's right to privacy claim
8  must be analyzed using a rational relationship test to determine whether
9  the impingement on an inmate's right to privacy is "reasonably related to
10 legitimate penological interests."  <u>Michenfelder v. Sumner</u>, 860 F.2d at
11 333-34 (citing <u>Turner v. Safley</u>, 482 U.S. 78 (1987)).

12        The Ninth Circuit has held that the assignment of guards to
13 positions that require only "infrequent and casual observation" of
14 prisoners of the opposite sex, or "observation at a distance," that is
15 reasonably related to prison needs is not so degrading as to warrant
16 court interference.  <u>Id</u>. (finding no constitutional violation where female
17 correctional officers were assigned shower duty and could view inmates
18 being strip searched); <u>Grummett v. Rushen</u>, 779 F.2d 491, 494 (9th Cir.
19 1985)(permitting female officers to view male prisoners while disrobing,
20 showering, and using toilet facilities where the officer's view of the
21 prisoners was infrequent and casual); compare <u>Sepulveda v. Ramirez</u>, 967
22 F.2d 1413 (9th Cir. 1992)(finding violation of parolee's constitutional rights
23 where male parole officer walked into bathroom stall where female
24 parolee was urinating as part of the required drug test).  Assuming
25 defendants' conduct is as alleged, plaintiff has not suffered a
26

constitutional deprivation. This claim must therefore be dismissed.

As to Plaintiff's claim of sexual harassment, he has alleged facts that state a claim for relief, but he does not identify the individuals involved. The Ninth Circuit has held that sexual harassment can constitute an Eighth Amendment violation, but not in a case without physical contact. <u>Bowie v. California Dept. of Corrections</u>, 99 F.3d 1145 (9th Cir. 1991), citing <u>Jordan v. Gardner</u>, 986 F.2d 1521 (9th Cir. 1993); <u>Hernandez v. Denton</u>, 861 F.2d 1421 (9th Cir.), cert. denied, 112 S.Ct. 75 (1991). Plaintiff has alleged that he was touched "in his genitalias," but he does not identify the individuals involved. In order to serve the individuals involved, Plaintiff must identify them.

Plaintiff claims that he is not offered any rehabilitative or leisure activity. "Idleness and the lack of [vocational and rehabilitative] programs does not violate the Eighth Amendment. <u>See</u> <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1254-55 (9th Cir. 1982); <u>see</u> <u>also</u> <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1106-08 (9th Cir. 1986). This claim therefore fails.

Plaintiff's claim for deliberate indifference stems from injuries that he suffered as a result of a fall on the soccer field. Plaintiff alleges that as a result of the condition of the field, he was scratched over 23 times due to falls. The Eighth Amendment provides that "cruel and unusual punishment [shall not be] inflicted." "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." <u>Allen v. Sakai</u>, 48 F.3d 1082, 1087 (9th Cir.) <u>cert.</u> <u>denied</u>, 514 U.S. 1065, (1995).

1  The objective requirement is met if the prison official's acts or
2  omissions deprived a prisoner of "the minimal civilized measure of life's
3  necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  To
4  satisfy the subjective prong, a plaintiff must show more than mere
5  inadvertence or negligence.  Neither negligence nor gross negligence will
6  constitute deliberate indifference.  Farmer, 511 U.S. at 833, & n. 4; Estelle
7  v. Gamble, 429 U.S. 97, 106 (1976).  The Farmer court concluded that
8  "subjective recklesness as used in the criminal law is a familiar and
9  workable standard that is consistent with the Cruel and Unusual
10 Punishments Clause" and adopted this as the test for deliberate
11 indifference under the Eighth Amendment.  Farmer, 511 U.S. at 839-40.

12  Here, Plaintiff alleges, at most, negligence, which fails to state
13 a claim for relief under the Eighth Amendment.  Plaintiff must allege
14 facts indicating that a named defendant knew of and disregarded a
15 serious risk to Plaintiff's safety, resulting in more than de minimis injury
16 to Plaintiff.   The court finds thea the allegations in plaintiff's
17    amended
18 complaint vague fail to allege facts sufficient to state a claim for relief.
19 The complaint must therefore be dismissed.  Plaintiff will, however, be
20 granted leave to file an amended complaint.   If plaintiff chooses to
21 amend the complaint, plaintiff must demonstrate how the conditions
22 complained of have resulted in a deprivation of plaintiff's constitutional
23 rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the
24 complaint must allege in specific terms how each named defendant is
25 involved.
26

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint first amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   August 9, 2007                        /s/  William M. Wunderlich
                                               UNITED STATES MAGISTRATE JUDGE